IN THE CIRCUIT UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| YOLANDA G. KERR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LOWES HOME CENTERS, LLC | ) | Case No: _____ |
|   Serve Registered Agent: | ) | |
|     *Corporation Service Company* | ) | Division: _____ |
|     *2900 SW Wanamaker Drive* | ) | |
|     *Suite 204* | ) | |
|     *Topeka, KS 66614* | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**
**(Employment Discrimination)**

Plaintiff Yolanda G. Kerr, for her Petition for Damages, states as follows:

**NATURE OF ACTION**

1. Plaintiff is a former employee of Defendant.

2. This is an action to recover actual, compensatory, liquidated, and punitive damages under 42 U.S.C. § 1981, Title VII under 42 U.S.C. § 2000e *et seq*., and ADEA under 29 U.S.C. § 621 *et seq*.

3. Plaintiff seeks relief against Defendant for race and age discrimination she endured with regards to her employment with Defendant and the retaliatory unlawful termination she suffered as a result.

4. Plaintiff also seeks to recover her attorney's fees and costs, as well as any other damages permitted by law, as remedies for Defendant's violations of her rights.

5. Defendant's discriminatory and retaliatory conduct violated Plaintiff's rights as protected under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the

Civil Rights Act of 1964, as amended by Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. (the "ADEA").

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Yolanda G. Kerr ("Plaintiff") is an African American woman, and a resident of Kansas City, Kansas. She was employed by Defendant Lowe's Home Centers, LLC as a cashier for over two years, until her wrongful termination in July 2020.

7. Defendant Lowe's Home Centers, LLC ("Defendant") is a foreign limited liability company in good standing and authorized to do business within the State of Kansas. It can be served with process through its resident agent Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, KS 66614.

8. Defendant employed Plaintiff at its 6920 State, Kansas City, Kansas store.

9. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, as this action arises under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended; Title VII of the Civil Rights Act of 164, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq*.; and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*., for employment discrimination on the basis of race as well as age discrimination.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant operates stores within this County and a substantial part of the unlawful conduct giving rise to Plaintiff's claims occurred in this County.

**EXHAUST OF ADMINISTRATIVE REMEDIES**

11. As a result of the unlawful employment practices and violations alleged here, on Plaintiff timely filed a Charge of Discrimination with the Kansas Human Rights Commission ("KHRC") as well as with the Equal Employment Opportunity Commission ("EEOC").

12. On or about January 18, 2021, Plaintiff received her Notice of Right to Sue from the EEOC, which was mailed on or about January 15, 2021. The letter is attached as Exhibit A.

13. Plaintiff is filing this suit within 90 days of Plaintiff's receipt of the Notice of Right to Sue letter and therefore this suit is timely filed.

14. Plaintiff exhausted all administrative remedies prior to filing of this suit.

15. Whenever relevant, Defendant's conduct alleged here constituted a continuing violation of Plaintiff's federally and state protected rights.

**FACTS COMMON TO ALL COUNTS**

16. Plaintiff is a 65-year-old African American female, mother, and grand-mother of four, who has worked her entire life, to support her family.

17. On or about May 13, 2018, Plaintiff was hired by Defendant, at Defendant's store located 6920 State Avenue, Kansas City, Kansas 66102, to serve as a part-time cashier.

18. From May 2018 until July 25, 2020 when she was terminated, served as a cashier and performed her duties competently and adequately, in accordance with Defendant's expectations.

19. The majority, if not all, of Plaintiff's co-workers were younger. Most, if not all, supervisors and managers were white.

20. On or about May 2020, however, Plaintiff began being harassed by a white co-worker, who regularly took personal property from Plaintiff; would call Plaintiff by derogatory names, and would regularly refer to Plaintiff as the "black bitch".

21. At or around the same time, Plaintiff made several complaints to the store manager, expressing her concerns, objections to the name-calling, and her fears. Plaintiff's complaints and seriously expressed concerns went unanswered.

22. The harassment and name calling continued unabated.

23. On or about June 11, 2020, the same white employee made physical threats to and against Plaintiff's wellbeing. Plaintiff again told management about the threats, but nothing was done.

24. Fearing for her safety and life, Plaintiff called and made a police report of the incident.

25. On or about June 23, 2020, Plaintiff's locker was vandalized. Someone had placed a white powdery substance in her locker. Plaintiff reported the incident to management and to corporate offices, but nothing was done.

26. On or about June 25, 2020, someone took gorilla glue and smeared Plaintiff's name tag on her locker. Plaintiff reported the incident to management, but nothing was done.

27. On or about June 26, 2020, another co-worker yelled out loud that she "had spit on the "fat bitch's locker, but that she can't detect that like the other stuff." This same co-worker would pass by Plaintiff and would routinely call Plaintiff "fat bitch" Plaintiff reported these incidents to management, but nothing was done.

28. The harassment and intimidation continued unabated until Plaintiff's termination in July 2020.

29. On or about July 25, 2020, Plaintiff was fired because she allegedly left her cash register and didn't return within 15 minutes, but instead took 23 minutes to return. Plaintiff, a 65-year-old woman, had taken a bathroom break. This was Plaintiff's only recorded or registered Performance/Conduct issue.

30. Plaintiff was also told she was being fired because of attendance issues. There are no records of attendance problems or issues.

31. The allegation pertaining to attendance is and was false and pretextual.

32. After her termination, Defendant made false and misleading statements to State authorities, in an attempt to prevent Plaintiff from claiming duly earned unemployment insurance benefits. Defendant's malicious attempts to deny Plaintiff's unemployment insurance benefits were rejected.

**COUNT I**
**Discrimination Based on Race in Violation of Title VII**

33. Plaintiff reasserts and re-alleges the allegations contained in paragraphs 1 to 32 as if fully set forth herein.

34. The acts described above amount to race discrimination in violation of Title VII.

35. Plaintiff is a member of a protected class by reason of his race, which is African American.

36. Plaintiff was, for over 2 years, qualified to perform her duties as a cashier, and in fact performed her duties satisfactorily and admirably.

37. Despite Plaintiff's successful job performance, Plaintiff was fired after enduring countless incidents of racism (name calling) and harassment.

38. Defendant was made aware of these discriminatory and harassing incidents, but did nothing to cure them.

39. Defendant's failure to act to prevent the racial harassment and discrimination by its agents, amount to an acquiescence and condoning of these same acts.

40. As a result of Defendant's discriminatory conduct, Plaintiff has been harmed and damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint - finding that Plaintiff has been discriminated against based on her race in violation of Title VII; for her lost wages, bonus and benefits; for future lost wages and benefits; for her out-of-pocket expenses incurred thus far and to be incurred; for compensatory damages for emotional pain, suffering, inconvenience, mental anguish, humiliation, shame, loss of self-esteem, fear, embarrassment, depression, and injury to reputation or professional standing, which Plaintiff has suffered or may suffer in the future; punitive damages; for reasonable attorney's fees and costs; and for any and all other damages permitted under the law and deemed just and proper under the circumstances.

## COUNT II
### Age Discrimination in Violation of ADEA

41. Plaintiff reasserts and re-alleges the allegations contained in paragraphs 1 to 40 as if fully set forth herein.

42. Plaintiff was 65 years old at the time of her termination, and therefore is an individual within the ADEA protected class of individuals 40 or older.

43. During her 2 plus years as a cashier for Defendant, Plaintiff performed satisfactorily.

44. During the years Plaintiff worked for Defendant, and in particularly, the last 4 months, Plaintiff endured constant harassment from co-workers because of her race and age. These incidents were reported to Defendant, but Defendant chose to do nothing about them.

45. After 2 ½ years, Plaintiff was fired, despite Plaintiff's satisfactory work for Defendant.

46. To justify her firing, Defendant used false and pretextual excuses.

47. Plaintiff was replaced by a younger person with much less experience and successes.

48. As a result of Defendant's discriminatory conduct, Plaintiff has been harmed and damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Complaint - finding that Plaintiff has been discriminated against based on her age in violation of the ADEA; for her lost wages, bonus and benefits; for future lost wages and benefits; for her out-of-pocket expenses incurred thus far and to be incurred; for compensatory damages for emotional pain, suffering, inconvenience, mental anguish, humiliation, shame, loss of self-esteem, fear, embarrassment, depression, and injury to reputation or professional standing, which Plaintiff has suffered or may suffer in the future; punitive damages; for reasonable attorney's fees and costs; and for any and all other damages permitted under the law and deemed just and proper under the circumstances.

## COUNT III
### Harassment and Hostile Work Environment

49. Plaintiff reasserts and re-alleges the allegations contained in paragraphs 1 to 48 as if fully set forth herein.

50. During Plaintiff's 2 ½ years as a cashier at Defendant's store, Defendant allowed or created an environment which encouraged and fostered a hostile work environment for Plaintiff due to her race and age. Such conduct was ongoing, open, and notorious. Simply put, racial discrimination and age discrimination are embedded in Defendant's employment and managerial

practices. The harassment, abuse and discrimination are illustrated by Defendant's hire and retention practices, where very few supervisors and managers have been persons of color, specifically African Americans; more specifically people of color over the age of 40. This is consistent with Defendant's lack of diversity in their upper management ranks.

51. Plaintiff, a 65-year-old African American female, was constantly subjected to stricter level scrutiny than similar situated white and much younger workers. Plaintiff was reprimanded for relatively minor mistakes or incidents. The same or much worst behavior from similar situated white or younger employees were largely ignored.

52. Supervisors, store managers, and human resources of Defendant were aware of the hostile environment endured by Plaintiff. The stricter level of scrutiny placed on Plaintiff for the fact that she is black and older than most other employees, should have been sufficient to raise a probability of harassment in the mind of any reasonable person. Nonetheless, Defendant failed to take reasonable steps to prevent or promptly correct the harassing behavior, and instead allowed it, and even encouraged it as regular practice.

53. As a direct, legal, and proximate result of this harassment and hostility, Plaintiff has sustained, and will continue to sustain, economic and emotional damages in an amount to be determined at trial.

54. Defendant unlawful actions were intentional, willful, malicious, and done with reckless disregard for Plaintiff's right to be free from discrimination and harassment, that created an intimidating, offensive, and hostile work environment.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of her Complaint - finding that Plaintiff has been harassed and forced to endure a hostile work environment because of her race and age; for her lost salary, bonus and benefits; for future lost

salary and benefits; for her out-of-pocket expenses incurred thus far and to be incurred; for compensatory damages for emotional pain, suffering, inconvenience, mental anguish, humiliation, shame, loss of self-esteem, fear, embarrassment, depression, and injury to reputation or professional standing, which plaintiff has suffered or may suffer in the future; punitive damages; for reasonable attorney's fees and costs; and for any and all other damages permitted under the law and deemed just and proper under the circumstances.

## COUNT IV
### Retaliation

55. Plaintiff reasserts and re-alleges the allegations contained in paragraphs 1 to 54 as if fully set forth herein.

56. Plaintiff was illegally retaliated against for participating in the protected activity of opposing harassment, hostile work environment, and discrimination by Defendant, who took materially adverse action against Plaintiff as a direct result of Plaintiff's challenge to these actions and conduct.

57. On numerous occasions, Plaintiff made complaints and alerted Defendant about the harassment and workplace discrimination she endured, but to no avail.

58. As a result of Plaintiff's complaints against harassment and discrimination, Defendant acted to fire Plaintiff in retaliation of the same.

59. As a direct, legal, and proximate result of this retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional damages in an amount to be proven at trial.

60. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from retaliation for engaging in protected activity.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of her Complaint - finding that Plaintiff has been retaliated against; for her lost salary, bonus and benefits;

for future lost salary and benefits; for her out-of-pocket expenses incurred thus far and to be incurred; for compensatory damages for emotional pain, suffering, inconvenience, mental anguish, humiliation, shame, loss of self-esteem, fear, embarrassment, depression, and injury to reputation or professional standing, which plaintiff has suffered or may suffer in the future; punitive damages; for reasonable attorney's fees and costs; and for any and all other damages permitted under the law and deemed just and proper under the circumstances.

## COUNT V
**Discrimination Based on Race in Violation of Section 1981**

61. Plaintiff reasserts and re-alleges the allegations contained in paragraphs 1 to 60 as if fully set forth herein.

62. Plaintiff had an employment agreement with Defendant which is subject to the provisions of Section 1981.

63. Defendant engaged in discriminatory practices with regard to the terms of and conditions of Plaintiff's employment on the basis of Plaintiff's race.

64. Defendant terminated Plaintiff's employment and further refused to employ Plaintiff to her position, which she held for almost 30 years, in violation of the Equal Protection Clause of the United States Constitution, Amendment Fourteen and 42 U.S.C. § 1981.

65. Plaintiff's race (African American) was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

66. The Defendant's conduct alleged above constitutes discrimination based on race in violation of Section 1981. Any stated reasons articulated by Defendant to justify its conduct were not true reasons, but rather, were pretext to hide or camouflage the Defendant's discriminatory animus.

67. As a result of Defendant's discriminatory conduct, Plaintiff has suffered economic damages, including lost income; and non-economic damages in the form of pain and suffering, mental anxiety and stress, humiliation, embarrassment, and inconvenience as a result of Defendant's wrongful termination and refusal to employ Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count V of her Complaint - finding that she has been discriminated against based on his race in violation of Section 1981; for her lost salary, bonus and benefits; for future lost salary and benefits; for her out-of-pocket expenses incurred thus far and to be incurred; for compensatory damages for emotional pain, suffering, inconvenience, mental anguish, humiliation, shame, loss of self-esteem, fear, embarrassment, depression, and injury to reputation or professional standing, which plaintiff has suffered or may suffer in the future; punitive damages; for reasonable attorney's fees and costs; and for any and all other damages permitted under the law and deemed just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to a jury trial.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby designates Kansas City, Kansas as the place of trial in this case.

        Respectfully submitted,

        _____
        Marcos A. Barbosa        KS #22015
        **MABLAW-KC**
        1301 Oak Street, Suite 400A
        Kansas City, MO 64106
        Telephone:    (816) 499-8800
        Facsimile:    (816) 499-8801
        marcos.barbosa@mablawkc.com
        ATTORNEY FOR PLAINTIFF